IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GLORIA MENDEZ, Individually and as the surviving spouse of and on behalf of the ESTATE OF EMILIANO MENDEZ, and their biological children, MICHAEL MENDEZ, MARTIN MENDEZ, MARK MENDEZ, DANIEL MENDEZ, MARINA MENDEZ and NATALIE PEREZ, <br><br> *Plaintiffs*, <br><br> v. <br><br> GONZABA MEDICAL GROUP, P.A., UNITEDHEALTHCARE INSURANCE COMPANY and UNITED HEALTHCARE SERVICES, INC., <br><br> *Defendants*. | §§§§§§§§§§§§§§§§§§§§ | C.A. No. 5:19-cv-1229 |

## NOTICE OF REMOVAL

Defendants UnitedHealthcare Insurance Company ("UHIC") and United HealthCare Services, Inc. ("UHS"), (together, "United"), for the purpose only of removing this case to the United States District Court for the Western District of Texas, San Antonio Division, states:

1. **State Court Action.** Plaintiffs filed this action in the 407th District Court in Bexar County, Texas, Cause No. 2019CI18383, on September 3, 2019. (Ex. 2, Tab 2.) United was served with the Petition on September 16, 2019. (Ex. 2, Tabs 4, 5.) Plaintiffs assert claims against United for wrongful death, negligence, professional negligence, gross

negligence, medical malpractice, and violation of Chapter 88 of the Texas Civil Practice and Remedies Code (the "Texas Health Care Liability Act").

2.      **Federal Officer Removal Jurisdiction.** This action is removable under 28 U.S.C. §§ 1442(a)(1), 1446, and FED. R. CIV. P. 81. Emiliano Mendez (the "Decedent") was a Medicare-eligible enrollee from August 1, 2005, through December 31, 2012, and again from September 1, 2013 through December 31, 2017 in AARP® MedicareComplete® SecureHorizons® HMO (hereinafter, the "Plan"), which is a Medicare Advantage[1] plan administered by UHIC and/or-its affiliates. (Ex. 1-B.)  One of those affiliates, UnitedHealthcare Benefits of Texas, Inc. operates a Medicare Advantage Organization ("MAO") and provides health benefits to certain Medicare-eligible enrollees through the Plan pursuant to its contract with and under the direction of the Centers for Medicare and Medicaid Services ("CMS"). (Ex. 1-A.) *See* 42 U.S.C. §§ 1395w-27(a) (MAO must enter into contract with CMS in which it agrees to comply with the applicable requirements, standards, terms and conditions of the Medicare Act). Plaintiffs allege that United, in its role as an MAO, "failed to coordinate and manage the appropriate follow up for the multiple colon polyp" with which the Decedent was allegedly diagnosed in July 2013. (Pet. ¶ 23.)  Removal based on federal officer jurisdiction requires the defendant to show "(1) that it is a person within the meaning of the statute, (2) that it has a colorable federal defense, (3) that it acted pursuant to a federal officer's directions, and (4) 'that a causal nexus exists between [its] actions under color of federal office and the

---

[1] *See* 42 U.S.C. § 1395w-21, *et seq.* References in the Medicare Act to "Medicare+Choice" are deemed references to "Medicare Advantage." *See* 42 U.S.C. § 1395w-26.

plaintiff's claims." *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398, 400 (5th Cir. 2018) (internal quotation marks omitted). All four elements are met here.

    a.    **United is a "person" under 28 U.S.C. 1442(a)(1).** The first prong is satisfied because United is a "person" within the meaning of the statute. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) (corporate entities qualify as "persons" under § 1442(a)(1)).

    b.    **United has colorable federal defenses to Plaintiffs' claims.** United has at least two colorable federal defenses to Plaintiffs' claims: complete preemption by the Medicare Act and federal immunity. At this early stage of the case, United is not required to prove its defenses; instead, United "need only articulate its 'colorable' applicability to the plaintiff's claims." *McGee v. Arkel Int'l, LLC*, 716 F. Supp. 2d 572, 577-78 (S.D. Tex. 2009); *Winters*, 149 F.3d at 400 ("One of the primary purposes of the removal statute—as its history clearly demonstrates—was to have such defenses litigated in the federal courts . . . *The officer need not win his case before he can have it removed.*" (emphasis in original) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969))).

    i.    **Preemption.** Under the Medicare Act, state laws relating to MA plans (other than those relating to licensing or plan solvency) are expressly preempted. 42 U.S.C. § 1395w-26; 42 C.F.R. § 422.402 ("The standards established under this part supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to the MA plans that are offered by MA organizations."). Further, Plaintiffs' state law claims against United are preempted by the Medicare Act because the Act creates federal standards governing the standards for provision of Medicare benefits to

enrollees by MAOs. *See e.g.*, *Hepstall v. Humana Health Plan, Inc.*, No. CV 18-0163-JB-MU, 2018 WL 6588555, at *6 n.3 (S.D. Ala. Nov. 26, 2018) (concluding that "all state law claims that are based upon actions of an MAO that are regulated by CMS are preempted by the Medicare Act"). Here, Plaintiffs' claims are based on United's alleged failure to inform the Decedent of recommended follow-up care. The Medicare Act and its implementing regulations explicitly regulate MAOs with respect to provision of benefits under MA plans and requires MAOs to comply with CMS's national coverage determinations and general coverage guidelines included in Medicare manuals, among other things. *See* 42 C.F.R. §§ 422.100-422.102. Plaintiffs' claims, which are based on an alleged failure to comply with these standards, are therefore preempted.

      ii.    **Immunity**. "[T]he Fifth Circuit and other appellate courts have held that federal immunity attaches . . . to Medicare carriers and intermediaries acting within the scope of their official duties." *S. Dynamics Therapy, Inc. v. Thompson*, No. CIV.A. 5:03-CV-155-C, 2003 WL 22670991, at *6 (N.D. Tex. Nov. 10, 2003); *see also Mentis El Paso, LLP v. Health Care Serv. Corp.*, 58 F. Supp. 3d 745, 752 n. 63 (W.D. Tex. 2014) (sovereign immunity extends to federal contractors that administer government insurance, such as Medicare). United is entitled to immunity here based on its role in administering an MA Plan on CMS's behalf.

    c.    **United acted under CMS's directions.** With regard to the third prong of federal officer removal, "[a] defendant acts pursuant to a federal officer's directions when the defendant serves 'to assist, or to help carry out, the duties or tasks of the federal superior.'" *Shalaby v. Heritage Physician Network*, 364 F. Supp. 3d 693, 696 (S.D. Tex.

2019) (quoting *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142 (2007)). "The federal officer must have direct and detailed control over the defendant such that the acts that form the basis for the suit were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations." *Shalaby*, 364 F. Supp. 3d at 696 (quoting *McGee v. Arkel Int'l, LLC*, 716 F. Supp. 2d 572, 575 (S.D. Tex. 2009)). The words "acting under" are broad and must be liberally construed. *Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007). Here, United acted under CMS's direct and detailed control in administering the MA Plan in which the Decedent was enrolled. A majority of courts, including district courts in the Fifth Circuit, have concluded that MAOs are acting under CMS's subjection, guidance, and control in administering MA plans. *See Body & Mind Acupuncture v. Humana Health Plan, Inc.*, No. 1:16CV211, 2017 WL 653270, at *5 (N.D.W. Va. Feb. 16, 2017) (listing cases and citing, *inter alia*, *Beaumont Foot Specialists, Inc. v. United Healthcare of Tex., Inc.*, No. 1:15-CV-216, 2015 WL 9257026 (E.D. Tex. Dec. 14, 2015)); *see also Haaland v. Presbyterian Health Plan, Inc.*, 292 F. Supp. 3d 1222, 1231 (D.N.M. 2018) ("Put another way, Plaintiffs' claims against PHP depend upon a showing that PHP violated standards, perhaps of its own making, which federal Medicare regulations required it to promulgate and apply . . . and [t]he Act's preemption provision is broad enough to cover such claims."); *Alston v. United Healthcare Servs., Inc.*, 291 F. Supp. 3d 1170, 1175 (D. Mont. 2018) (concluding that plaintiffs' state law claims for negligence, intentional infliction of emotional distress, professional negligence, respondeat

superior and breach of contract were all preempted under 42 U.S.C. § 1395w-26(b)(3)).[2] Indeed, the Fifth Circuit has expressly recognized federal officer jurisdiction in instances where private persons and insurance carriers administer the Medicare program on behalf of the federal government, noting that the federal officer removal statute is not narrow or limited, and that they are "acting within the purview of 1442(a)(1)" such that suits against them are properly removed. *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 58 (5th Cir. 1975).

      d.     **A causal nexus exists.** Finally, a causal nexus exists between United's actions under color of federal office pursuant to CMS's direction and Plaintiffs' claims. For purposes of removal, United need only show that the federal direction created the circumstances underlying the liability. *Watson*, 551 U.S. at 153. As explained *supra*, United is an MAO, which is directed and overseen by CMS with respect to the benefits and services offered to enrollees in MA plans. Plaintiffs' allegations that form the basis of their claims take direct aim at the aspects of the MA plan's administration that are governed by the Medicare Act and its implementing regulations. Further, absent United's contract with CMS, CMS would be tasked with performing the same tasks itself. *See Takacs v. Am.*

---

[2] *Cf. Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 Fed. App'x 619, 625 (6th Cir. 2016) (unpub.) In this unpublished opinion, the Sixth Circuit concluded that an MAO was not acting under federal direction in a billing dispute with a non-contract provider where no beneficiary was denied benefits, and the parties did not contest whether Medicare covered the services provided. *See also Shalaby*, 364 F. Supp. 3d at 696 (concluding that MAO was not acting under federal direction in dispute regarding payments under a provider contract to which CMS was not a party). Unlike the dispute in *Ohio State*, United's actions in coordinating benefits for the Decedent under the Plan are directly related to and controlled by CMS's detailed regulations for the provision of benefits under MA plans. *See Body & Mind Acupuncture*, No. 1:16CV211, 2017 WL 653270, at *5.

*Eurocopter, L.L.C.*, 656 F. Supp. 2d 640, 645 (W.D. Tex. 2009) (holding a causal nexus exists when a party seeking removal under federal officer jurisdiction "demonstrate[s] that the acts for which they are being sued . . . occurred *because of* what they were asked to do by the Government.") (emphasis in original). Accordingly, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1442(a)(1) because United is being sued for actions delegated to it by CMS and that were taken in connection with administering a Medicare Advantage plan.

3. **Removal is Timely.** Removal is timely under 28 U.S.C. § 1446(b). United was served with Plaintiffs' Petition on September 16, 2019. (Ex. 2, Tabs 4, 5.) United removed this case to federal court within thirty (30) days of being served with the Petition.

4. **Consent of Defendants**. Although United is not required to seek the consent of the other named defendants in this action in order to remove it pursuant to federal officer jurisdiction under 28 U.S.C. § 1442, Defendant Gonzaba Medical Group, P.A. has consented to removal. (Ex. 4.) *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) ("Removal under § 1442(a), unlike removal under § 1441, does not require the consent of co-defendants.").

5. **State Court Documents Attached.** Pursuant to the Federal Rules of Civil Procedure, a certified copy of the state court docket sheet and all documents filed in the state court action, separately attached and arranged in chronological order, are attached as **Exhibit 2**. These documents constitute the only pleadings, process, or orders filed in the state court or received by United. A list of the parties and counsel is also attached as **Exhibit 3**.

6. **Notice.** Finally, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

United respectfully requests that the United States District Court for the Western District of Texas, San Antonio Division, accept this Notice of Removal and that it assume jurisdiction of this cause and grant such other and further relief as may be necessary.

Dated: October 16, 2019

Respectfully submitted,

By: */s/ Amber D. Reece*
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    andy.jubinsky@figdav.com
    Amber D. Reece
    Texas Bar No. 24079892
    amber.reece@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000 – telephone
(214) 939-2090 – facsimile

**ATTORNEYS FOR DEFENDANTS UNITEDHEALTHCARE INSURANCE COMPANY AND UNITED HEALTHCARE SERVICES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on October 16, 2019.

| | |
|---|---|
| *Via Email & Regular Mail*<br>Jon Powell<br>John "Mickey" Johnson<br>THE POWELL LAW FIRM<br>1148 E. Commerce Street<br>San Antonio, Texas 78205<br>*-and-*<br>Brant Steven Mittler<br>LAW OFFICE OF BRANT S. MITTLER<br>17503 La Cantera Pkwy, Ste. 104-610<br>San Antonio, Texas 78257<br><br>*Attorneys for Plaintiffs* | *Via Email & Regular Mail*<br>Lisa A. Rocheleau<br>Alexander Rodriguez III<br>BOONE, ROCHELEAU<br>  & RODRIGUEZ, P.L.L.C.<br>17339 Redland Road, Suite. 100<br>San Antonio, Texas 78247<br><br>*Attorneys for Defendant*<br>*Gonzaba Medical Group, P.A.* |

                                        */s/ Amber D. Reece*
                                        Amber D. Reece