**EXHIBIT 2**

CAUSE NO. 2019CI18383

| | | |
|---|---|---|
| GLORIA MENDEZ, Individually and as | § | IN THE DISTRICT COURT |
| the surviving spouse of and on behalf of | § | |
| the ESTATE OF EMILIANO MENDEZ, | § | |
| and their biological children, MICHAEL | § | |
| MENDEZ, MARTIN MENDEZ, MARK | § | |
| MENDEZ, DANIEL MENDEZ, | § | |
| MARINA MENDEZ and NATALIE | § | |
| PEREZ, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | OF BEXAR COUNTY, TEXAS |
| | § | |
| GONZABA MEDICAL GROUP, P.A., | § | |
| UNITED HEALTHCARE INSURANCE | § | |
| COMPANY and UNITED | § | |
| HEALTHCARE SERVICES, INC., | § | |
| | § | |
| *Defendants*. | § | 407TH JUDICIAL DISTRICT |

## INDEX OF STATE COURT DOCUMENTS

1.   Docket Sheet

2.   Plaintiffs' Original Petition, filed 9/3/19

3.   Citation – Gonzaba Medical Group, issued 9/9/19, executed 9/8/19, returned 9/10/19

4.   Citation – United HealthCare Insurance Company, issued 9/9/10, executed 9/16/19, returned 9/30/19

5.   Citation – United Healthcare Services, Inc., issued 9/9/19, executed 9/16/19, returned 9/30/19

6.   Original Answer, Jury Demand and TRCP Rule 193.7 Notice of Defendant, Gonzaba Medical Group, P.A., filed 9/27/19

7.   Vacation Letter of Lisa A. Rocheleau, Counsel for Defendant Gonzaba Medical Group, P.A., filed 10/1/19

8.    Defendants' Plea in Abatement and Original Answer Subject Thereto, filed 10/7/19

Respectfully submitted,

By: /s/ Amber D. Reece
Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Amber D. Reece
Texas Bar No. 24079892
amber.reece@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (fax)

**ATTORNEYS FOR DEFENDANTS UNITED HEALTHCARE INSURANCE COMPANY AND UNITED HEALTHCARE SERVICES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on October 16, 2019.

| | |
|---|---|
| *Via Email & Regular Mail* | *Via Email & Regular Mail* |
| Jon Powell | Lisa A. Rocheleau |
| John "Mickey" Johnson | Alexander Rodriguez III |
| THE POWELL LAW FIRM | BOONE, ROCHELEAU |
| 1148 E. Commerce Street | & RODRIGUEZ, P.L.L.C. |
| San Antonio, Texas 78205 | 17339 Redland Road, Suite. 100 |
| *-and-* | San Antonio, Texas 78247 |
| Brant Steven Mittler | |
| LAW OFFICE OF BRANT S. MITTLER | *Attorneys for Defendant* |
| 17503 La Cantera Pkwy, Ste. 104-610 | *Gonzaba Medical Group, P.A.* |
| San Antonio, Texas 78257 | |
| | |
| *Attorneys for Plaintiffs* | |

/s/ Amber D. Reece
Amber D. Reece



**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

# Case #2019CI18383

**Name** : GLORIA MENDEZ

**Date Filed** : 9/3/2019

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 407

**Docket Type** : MALPRACTICE-MEDICAL

**Business Name** :

**Style** : GLORIA MENDEZ ET AL

**Style (2)** : vs GONZABA MEDICAL GROUP PA ET AL

# Case History

*Currently viewing 1 through 9 of 00009 records*

| Sequence | Date Filed | Description |
| --- | --- | --- |
| P00006 | 10/7/2019 | ORIGINAL ANSWER OF<br>UNITED HEALTHCARE SERVICES INC AND UNITE<br>D HEALTHCARE INSURANCE COMPANY AND PLEA<br>IN ABATEMENT |
| P00005 | 10/2/2019 | LETTER TO DISTRICT CLERK<br>REQUESTING COPY OF ENTIRE FILE. |
| P00004 | 10/1/2019 | ATTORNEY UNAVAILABILITY NOTICE FILED FOR<br>LISA ROCHELEAU |
| P00003 | 9/27/2019 | ORIGINAL ANSWER OF<br>GONZABA MEDICAL GROUP PA, JURY DEMAND AN<br>D TRCP RULE 193.7 NOTICE |
| S00003 | 9/9/2019 | CITATION<br>UNITED HEALTHCARE SERVICES INC<br>ISSUED: 9/9/2019 RECEIVED: 9/9/2019<br>EXECUTED: 9/16/2019 RETURNED: 9/30/2019 |
| S00002 | 9/9/2019 | CITATION<br>UNITED HEALTHCARE INSURANCE COMPANY<br>ISSUED: 9/9/2019 RECEIVED: 9/9/2019<br>EXECUTED: 9/16/2019 RETURNED: 9/30/2019 |
| S00001 | 9/9/2019 | CITATION<br>GONZABA MEDICAL GROUP PA<br>ISSUED: 9/9/2019 RECEIVED: 9/9/2019<br>EXECUTED: 9/8/2019 RETURNED: 9/10/2019 |
| P00002 | 9/3/2019 | SERVICE ASSIGNED TO CLERK 2 |
| P00001 | 9/3/2019 | PETITION |

FILED
9/3/2019 5:38 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Carrillo

Case 5:19-cv-01229-JKP    Document 1-2    Filed 10/16/19    Page 5 of 33    Tab 2.

**2019CI18383**

CAUSE NO. _____

| | | |
|---|---|---|
| GLORIA MENDEZ, INDIVIDUALLY AND | § | IN THE DISTRICT COURT |
| AS THE SURVIVING SPOUSE OF AND ON | § | |
| BEHALF OF THE ESTATE OF EMILIANO | § | |
| MENDEZ, AND THEIR BIOLOGICAL | § | |
| CHILDREN, MICHAEL MENDEZ, | § | |
| MARTIN MENDEZ, MARK MENDEZ, | § | |
| DANIEL MENDEZ, MARINA MENDEZ | § | |
| AND NATALIE PEREZ | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| GONZABA MEDICAL GROUP, P.A., | § | |
| UNITED HEALTHCARE INSURANCE | § | |
| COMPANY AND UNITED HEALTHCARE | § | |
| SERVICES, INC., | § | 407TH |
| | § | |
| DEFENDANTS. | § | ___ JUDICIAL DISTRICT |

<u>PLAINTIFFS' ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Gloria Mendez, individually and as the surviving spouse of and on behalf of the estate of Emiliano Mendez, and their biological children Michael Mendez, Martin Mendez, Mark Mendez, Daniel Mendez, Marina Mendez and Natalie Perez ("Plaintiffs" or "the Mendez Family") complaining of and against Defendants Gonzaba Medical Group, P.A., United Healthcare Insurance Company and United Healthcare Services, Inc. (collectively referred to herein as "Defendants") and for causes of action would respectfully show the following:

## I.    <u>DISCOVERY CONTROL PLAN</u>

1.    Plaintiffs intend that discovery be conducted under Level 3 of TEX. R. CIV. P. 190.

## II.     SUMMARY OF THE PETITION

2.     This is a missed cancer case.   Plaintiffs are asserting health care liability, negligence, gross negligence, and/or violations of the Texas HMO Act and wrongful death and survival causes of action against the Defendants arising out of their failure to properly test for and diagnose colorectal cancer and failure to provide the appropriate health care and treatment for colorectal cancer in the Plaintiff Emiliano Mendez which caused him to suffer an untimely and premature death from colorectal cancer on July 5, 2019.

3.     Plaintiffs seek herein as against all of the Defendants herein, among other things, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past and future; loss of consortium damages; punitive damages; costs of court; pre-judgment interest; and post-judgment interest.  Pursuant to TEX. R. CIV. P. 47, the maximum amount claimed herein by Plaintiffs as against all of the Defendants is over one-million dollars ($1,000,000.00).

## III.     PARTIES

4.     Plaintiffs are all residents of Atascosa or Bexar County, Texas.

5.     Defendant Gonzaba Medical Group, P.A. ("Gonzaba") is a medical group doing business at, among other locations, Main Medical Center, 720 Pleasanton Road, San Antonio, TX 78214.  Gonzaba may be served with process at its previous business address by serving a Registered Agent, Officer, Director or Manager.

6.     Defendant United Healthcare Insurance Company ("United Healthcare Ins. Co.") is a Health Maintenance Organization operating under the name United Healthcare, Medicare Advantage Plans, AARP MedicareComplete and with a mailing address of P.O. Box 6106,

Cypress, CA 90630. United Healthcare Ins. Co. may be served with process at its previous business address by serving a Registered Agent, Officer, Director or Manager.

7.      Defendant United Healthcare Services, Inc. ("United Healthcare Services") is a Health Maintenance Organization operating under the name United Healthcare, Medicare Advantage Plans, AARP MedicareComplete and with a Registered Agent of CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201. United Healthcare Services may be served by serving its previously named Registered Agent.

8.      Defendants United Healthcare Ins. Co and United Healthcare Services will be referred to collectively herein as United Healthcare.

## IV.    VENUE AND JURISDICTION

9.      The subject matter in controversy is within the jurisdiction of this Honorable Court.  The amount in controversy, exclusive of interest and attorney's fees, exceeds the minimum jurisdictional limits of this Court.

10.      The Honorable Court has personal jurisdiction over the parties.  The causes of action set forth herein arose out of events or omissions that took place in Bexar County, Texas.

11.      Venue in Bexar County, Texas is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

12.      Venue in Bexar County, Texas is also proper in this cause under Section 15.005 of the Texas Civil Practice and Remedies Code for all of the Defendants because the Plaintiffs have established proper venue against one or more of the Defendants in Bexar County such that venue is proper for all of the Defendants in Bexar County due to the fact that all claims or

actions asserted herein by Plaintiffs arise out of the same transaction, occurrence, or series of transactions or occurrences involving the Defendants.

## V.    PRE-SUIT NOTICE OF CLAIM

16.    All of the Defendants have received proper pre-suit notice of the claims set forth herein as required in TEX. CIV. PRAC. & REM. CODE § 74.051 and other applicable laws.

## VI.    PROFESSIONAL RELATIONSHIPS

17.    Emiliano Mendez ("Mr. Mendez") has suffered from the injuries and damages set forth herein due to the negligent and/or grossly negligent conduct of the Defendants and due to the acts and/or omissions of the Defendants and their employees, agents, ostensible agents, and representatives.  The Defendants made numerous misrepresentations to the Plaintiff Emiliano Mendez and his wife, including specifically that they were competent and able to provide healthcare, testing and diagnoses to Plaintiff Emiliano Mendez and Plaintiffs Emiliano and Gloria Mendez relied on these misrepresentations to her detriment.

18.    During the time period at issue, Gonzaba employed Physicians, Physician's Assistants and Nurse Practitioners duly licensed by the State of Texas to practice medicine and assist in the practice of medicine.  They held themselves out and represented to the Plaintiffs Emiliano and Gloria Mendez and to the public in general that they were competent and qualified. Doctors, Physician's Assistants and Nurse Practitioners at Gonzaba had a physician-patient, physician's assistant-patient and nurse practitioner-patient relationship, respectively, with Plaintiff Emiliano Mendez.

19.    During the time period at issue, Gonzaba was a professional association/medical doctor practice group which held themselves out and represented to the Plaintiffs Emiliano and Gloria Mendez and to the public in general that they and their physicians and staff were

competent and qualified to provide medical services. Gonzaba is directly liable for its own conduct and vicariously liable for the conduct of Doctors, Physician's Assistants and Nurse Practitioners employed at Gonzaba, as well as all of Gonzaba's affiliates, nurses, employees, agents, ostensible agents, and representatives.

20.     During the time period at issue, United Healthcare was a Health Maintenance Organization that represented to Plaintiffs Emiliano and Gloria Mendez and to the public in general that United Healthcare would provide adequate and appropriate medical care and that its in-network physicians and medical staff were competent and qualified. United Healthcare contracted with Gonzaba for them to provide health care and treatment to United Healthcare enrollees of which Emiliano Mendez was one. United Healthcare and Gonzaba had a duty to coordinate care and manage care that involved monitoring Mr. Mendez for recurrent colon polyps and colon cancer. United Healthcare had published practice guidelines for screening and surveillance of colon polyps to prevent colon cancer which Mr. Mendez later suffered. United Healthcare had a non-delegable duty to monitor the care and the quality of care provided by United Healthcare enrollees such as Emiliano Mendez by Gonzaba and its employees, who were collectively downstream contractors and subcontractors and authorized providers in the United Healthcare system. United Healthcare is also vicariously liable for the conduct of Gonzaba and its employees on the grounds of, among other things, employer-employee, actual agency, apparent agency, ostensible agency, and/or ratification.

## VII.    STATEMENT OF FACTS

21.     This is a missed cancer case. On or about June 21, 2013, Emiliano Mendez had a colonoscopy performed by Hector Allende, M.D., pursuant to a referral by his doctor at Gonzaba Medical Group, Rayleen Villanueva-Rumpf, M.D.   The colonoscopy revealed three polyps.

With three polyps, the required time for a follow-up colonoscopy is three years, as noted in handwriting on the pathology report archived in the office records of Hector Allende, MD who performed the colonoscopy.

22.     After June 21, 2013, and up until December 31, 2017, Emiliano Mendez had as his Primary Care Physicians the Gonzaba Medical Group and was insured under a United Healthcare Insurance Company – Medicare Advantage Plan – entitled AARP MedicareComplete.

23.     Gonzaba and its Doctors, Physician's Assistants and Nurse Practitioners failed to place Mr. Mendez's colon problems on the working problem list and United Healthcare failed to coordinate and manage the appropriate follow up for the multiple colon poly which failures were a substantial contributing factor in the recurrence and progression of Stage IV colon cancer which led to Mr. Mendez's death.

24.     Emiliano Mendez returned for visits at Gonzaba Medical Group approximately every three months during the period from June 21, 2013 to December 31, 2017 and yet he was never informed that he needed a follow-up colonoscopy as of June 21, 2016, and thereafter every day until this procedure was completed.  Emilio Mendez and his wife reported to Gonzaba Medical Group stomach problems and constipation on October 31, 2017 and yet he was still not given a referral for a coloscopy.

25.     It was only on or about April 6, 2018, after a biopsy, that Emiliano Mendez, and his wife, were first informed and discovered that he had colorectal cancer, which by then had proceeded to Stage IV.  The United Healthcare Defendants followed the healthcare provided to Emiliano Mendez and they had a duty – in addition to Gonzaba Medical Group – to inform Emilio Mendez that he needed a follow-up colonoscopy as of June 21, 2016, and at all dates after

that until the procedure was performed.  Had this cancer been timely detected in a follow-up colonoscopy it could have been treated successfully and Emilio Mendez would still be alive.

26.    The Defendants breached their duties of care by failure to secure a surveillance colonoscopy and other required follow up in a patient, Emiliano Mendez, of known high risk colon multiple polyps discovered on June 21, 2013.  These breaches caused Emilio Mendez to suffer a premature and untimely death on July 5, 2019 and for his surviving spouse and biological children to incur loss of consortium, mental anguish, and other damages.

27.    Plaintiffs sent out their pre-suit notice of the claims set forth herein as required in TEX. CIV. PRAC. & REM. CODE § 74.051 on August 29, 2019.  Plaintiff therefore has preserved against any allegation of any two year statute of limitations found in Chapter 74 of the Texas Civil Practice and Remedies Code all claims for negligence and gross negligence during the period from August 29, 2017 through August 29, 2019.

28.    Moreover, it was only possible for Plaintiffs to discover the nature and extent and consequences of the malpractice after Emiliano Mendez received his diagnosis of colorectal cancer on or about April 6, 2018.  Plaintiff filed suit well within two years of this discovery. Thus, to the extent necessary, Plaintiff will be relying on the discovery rule and on Article I, §13 of the Texas Constitution, the "Open Courts Provision," to bar any application of the 2-year statute of limitations found in Chapter 74 of the Texas Civil Practice and Remedies Code to any acts of negligence or gross negligence that occurred prior to August 29, 2017.

29.    This is also a wrongful death case.  The wrongful death occurred on July 5, 2019. The wrongful death beneficiaries have filed within two years of the date of the wrongful death.

30.    Finally, the Defendants engaged in a course of fraudulent concealment of their acts or omissions that constituted negligence, gross negligence, malpractice, breach of warranties

and breach of contract, and on this basis the applicable statutes of limitations should be tolled and found to be not applicable to bar any of the claims of the Plaintiffs herein.

31.    The acts and/or omissions set forth herein proximately caused Emiliano Mendez to incur, among other things, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past and to suffer a premature and untimely death due to colorectal cancer on July 5, 2019..  The aforementioned damages are substantially in excess of the minimum jurisdictional limits for a district court in the State of Texas.

## VIII.    CAUSES OF ACTION I

## WRONGFUL DEATH AND SURVIVAL CAUSES OF ACTION

32.    Plaintiffs reallege and incorporate all previous and subsequent paragraphs herein.

33.    This action arises out of the facts and circumstances surrounding the negligent and grossly negligent treatment of Emiliano Mendez during the period of time that he was a patient and/or enrollee of Defendants. The allegations of negligence and gross negligence are set forth above and below.  This suit is brought by authority of the Texas Wrongful Death Statute, Texas Civil Practice and Remedies Code, Chapter 71, Subchapter A, §§ 71.001-71.011, and the Texas Survival Statute, Chapter 71, Subchapter B, §§ 71.021 *et seq.* of the Texas Civil Practice and Remedies Code and/or Title 4, §§ 71 .021 *et seq.* of the Texas Revised Civil Statutes.

## IX.    CAUSES OF ACTION II

## NEGLIGENCE, PROFESSIONAL NEGLIGENCE,

## MEDICAL MALPRACTICE AND GROSS NEGLIGENCE

34.    Plaintiffs reallege and incorporates by reference all previous and subsequent paragraphs herein.

35.    The acts and/or omissions of the Defendants constitute negligence, professional negligence, medical malpractice, and gross negligence as those terms are utilized in Chapter 74 of the Texas Civil Practice and remedies Code, the Texas HMO Act found in Chapter 88 of the Texas Civil Practice & Remedies Code, and the common law of torts.

36.    Gonzaba and its Doctors, Physician's Assistants and Nurse Practitioners failed to place Mr. Mendez's colon problems on the working problem list and United Healthcare failed to coordinate and manage the appropriate follow up for the multiple colon poly which failures were a substantial contributing factor in the recurrence and progression of Stage IV colon cancer which led to Mr. Mendez's death.

37.    Such negligence, professional negligence, medical malpractice and gross negligence was the proximate cause of the personal injuries and damages to the Plaintiff as set forth herein.

38.    The acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against the Defendants.

39.    Plaintiffs seek as against all of the Defendants herein, as a result of the Defendants' negligence, professional negligence, medical malpractice and gross negligence, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past; loss of consortium damages; punitive damages; costs of court; pre-judgment interest; and post-judgment interest.

## X.    CAUSES OF ACTION III

## VIOLATIONS OF THE TEXAS HMO ACT

## BY UNITED HEALTHCARE

40.    Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

41.    The acts and/or omissions of United Healthcare have violated the Texas HMO Act found in Chapter 88 of the Texas Civil Practice & Remedies Code.

42.    Such violations of the Texas HMO Act were the proximate cause of the personal injuries, premature and untimely wrongful death and/or damages suffered by the Plaintiff herein. Gonzaba and its Doctors, Physician's Assistants and Nurse Practitioners failed to place Mr. Mendez's colon problems on the working problem list and United Healthcare failed to coordinate and manage the appropriate follow up for the multiple colon poly which failures were a substantial contributing factor in the recurrence and progression of Stage IV colon cancer which led to Mr. Mendez's death.

43.    The acts and/or omissions of United Healthcare, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against United Healthcare.

44.    Plaintiffs seek as against United Healthcare herein, as a result of United Healthcare's violations of the Texas HMO Act, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past; loss of consortium; punitive damages; costs of court; pre-judgment interest; and post-judgment interest.

## XI.    DAMAGES TO THE ESTATE OF EMILIANO MENDEZ

## AND TO THE SURVIVING MENDEZ FAMILY

43.    Plaintiffs would show that as a direct and proximate result of the negligence, professional negligence, medical malpractice, gross negligence and/or violations of the Texas HMO Act of Defendants as set forth herein, Plaintiff Emiliano Mendez has suffered injuries and incurred economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past; and a premature and untimely death.  The surviving Mendez family members have all suffered loss of consortium and mental anguish damages due to the death of their husband or father Emiliano Mendez.  As a result, Plaintiffs seek damages herein as against all Defendants that are substantially in excess of the minimum jurisdictional limits of this Honorable Court.

## XII.    DEMAND FOR JURY TRIAL AND PAYMENT OF JURY FEE

44.    Plaintiffs hereby demand that this case be tried to a jury.  Plaintiffs will pay the jury fee at the time of the filing of this Plaintiffs' Original Petition.

## XIII.    PRAYER FOR RELIEF

45.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial hereof, Plaintiff will have judgment against these Defendants on the causes of action and for the damages as set forth herein in an amount in excess of the minimum jurisdictional limits of the Honorable Court.  Plaintiff prays for such other and further relief, at law and/or in equity, to which Plaintiffs show themselves to be justly entitled.

Respectfully submitted,


THE POWELL LAW FIRM

By: /S/ Jon Powell_____
        Jon Powell
        Texas State Bar No. 00797260

John "Mickey" Johnson
Texas State Bar No. 24094002
1148 East Commerce Street
San Antonio, Texas 78205
Telephone: (210) 225-9300
Fax: (210) 225-9301
Email: jon@jpowell-law.com
        mickey@jpowell-law.com

Brant Mittler, M.D., J.D.
Law Office of Brant S. Mittler
17503 La Cantera Pkwy, Ste. 104-610
San Antonio, TX  78257
Telephone: (210) 698-0061
Facsimile: (210) 698-0064
E-mail: bsm@mittlerlaw.com

ATTORNEYS FOR PLAINTIFFS

FILED
9/10/2019 6:44 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roxanne Mujica

PRIVATE PROCESS **Tab 3.**

Case Number: 2019-CI-18383

2019CI18383  S00001

GLORIA MENDEZ ET AL

**VS.**

**GONZABA MEDICAL GROUP PA ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   GONZABA MEDICAL GROUP PA
BY SERVING OFFICER, DIRECTOR OR MANAGER

9·9·19
3:30p.m

MARY UNGER

May Unger 9/9/19

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION was filed on the 3rd day of September, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 9TH DAY OF SEPTEMBER A.D., 2019.

JON POWELL
ATTORNEY FOR PLAINTIFF
1148 E COMMERCE ST
SAN ANTONIO, TX 78205-3313



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas   78205

By: *Cynthia Gonzales*, Deputy

---

| GLORIA MENDEZ ET AL | | |
|---|---|---|
| VS | **Officer's Return** | Case Number: 2019-CI-18383 |
| GONZABA MEDICAL GROUP PA ET AL | | Court: 407th Judicial District Court |

I received this CITATION on __9-9-19__ at __2:45__ o'clock __P__ M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION the date of delivery endorsed on it to the defendant, _Gonzaba Medical Group PA_ _officer director or manager, Mary Unger_, in person on the __9th of September 2019__ at __3:30__ o'clock __P__ M. at _720 Pleasanton Road_ or ( ) not executed because _____
_San Antonio, Tx 78214_

Fees:_____  Badge/PPS #:_Scit 7801_ Date certification expires:__11-30-19__

_Bexar_ _____County, Texas

By: _Robert Chaps_

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _Robert Chaps_, my date of birth is _11-19-63_, and my address is _1015 Cat Mesa, San Antonio Tx_, _Bexar_ County.
_78251_

I declare under penalty of perjury that the foregoing is true and correct. Executed in _Bexar_ County, State of Texas, on the __9th__ day of _September_, 20_19_.

_____
Declarant

RETURN TO COURT (DK002)

PRIVATE PROCESS **Tab 4.**

Case Number: 2019-CI-18383



2019CI18383  S00002

**GLORIA MENDEZ ET AL**

**VS.**

**GONZABA MEDICAL GROUP PA ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# CITATION

"THE STATE OF TEXAS"

Directed To:   UNITED HEALTHCARE INSURANCE COMPANY
BY SERVING OFFICER, DIRECTOR OR MANAGER



9-9-19
Robert Chapa

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION  , a default judgment may be taken against you." Said ORIGINAL PETITION   was filed on the 3rd day of September, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 9TH DAY OF SEPTEMBER A.D., 2019.

JON POWELL
ATTORNEY FOR PLAINTIFF
1148 E COMMERCE ST
SAN ANTONIO, TX 78205-3313



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Cynthia Gonzales*, Deputy

| GLORIA MENDEZ ET AL VS GONZABA MEDICAL GROUP PA ET AL | **Officer's Return** | Case Number: 2019-CI-18383 Court: 407th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____o'clock ___M. and:(  ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or (  ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20____.

_____
Declarant

FILE COPY (DK002)

**DOCUMENT  SCANNED  AS  FILED**

PRIVATE PROCESS **Tab 5.**

Case Number: 2019-CI-18383



2019CI18383  S00003

**GLORIA MENDEZ ET AL**

**VS.**

**GONZABA MEDICAL GROUP PA ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   UNITED HEALTHCARE SERVICES INC



9-9-19

*Robert Chap*   BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION  , a default judgment may be taken against you." Said ORIGINAL PETITION   was filed on the 3rd day of September, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  9TH DAY OF SEPTEMBER A.D., 2019.

JON POWELL
ATTORNEY FOR PLAINTIFF
1148 E COMMERCE ST
SAN ANTONIO, TX 78205-3313

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Cynthia Gonzales*, Deputy

| GLORIA MENDEZ ET AL<br>VS<br>GONZABA MEDICAL GROUP PA ET AL | **Officer's Return** | Case Number: 2019-CI-18383<br>Court: 407th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____o'clock ___M. and:(  ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION   the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or (  ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

**DOCUMENT  SCANNED  AS  FILED**

FILED
9/27/2019 12:21 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Alexandra Johnson

Case 5:19-cv-01229-JKP    Document 1-2    Filed 10/16/19    Page 20 of 33

**Tab 6.**

CAUSE NO. 2019CI18383

| | | |
|---|---|---|
| GLORIA MENDEZ, INDIVIDUALLY AND AS | § | IN THE DISTRICT COURT OF |
| THE SURVIVING SPOUSE OF AND ON | § | |
| BEHALF OF THE ESTATE OF EMILIANO | § | |
| MENDEZ AND THEIR BIOLOGICAL | § | |
| CHILDREN, MICHAEL MENDEZ, | § | |
| MARTIN MENDEZ, MARK MENDEZ, | § | |
| DANIEL MENDEZ, MARINA MENDEZ and | § | |
| NATALIE PEREZ | § | BEXAR COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| GONZABA MEDICAL GROUP, P.A.; | § | |
| UNITED HEALTHCARE INSURANCE | § | |
| COMPANY and UNITED HEALTHCARE | § | |
| SERVICES, INC. | § | 407th JUDICIAL DISTRICT |

## ORIGINAL ANSWER, JURY DEMAND AND TRCP RULE 193.7 NOTICE
## OF DEFENDANT, GONZABA MEDICAL GROUP, P.A.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant, GONZABA MEDICAL GROUP, P.A., in the above-entitled and numbered cause, and does make and file its Original Answer to the Plaintiffs' Original Petition, and as grounds therefore, would respectfully show the Court the following:

**I.**

Defendant agrees with the statement contained in Paragraph I of Plaintiffs' Original Petition which contains the statement that discovery in this case should be conducted under Level 3 of Tex.R.Civ.P. 190.

**II.**

Defendant denies each and every, all and singular, allegation contained in the Plaintiffs' Original Petition and demands strict proof thereof by a preponderance of the evidence before the Court and a jury.

---

### III.

Defendant does not believe that any party to this case is liable to the Plaintiffs. However, in the unlikely event that the jury finds this Defendant liable to the Plaintiffs and strictly in order to comply with any requirements of Chapter 33 of the Civil Practice and Remedies Code, Defendant would show that it is entitled to contribution of and from any and all other defendants pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code. Defendant specifically reserves the right to submit issues to the jury inquiring of the alleged negligence or alleged wrongdoing of all current or future parties to this case and/or settling defendants. Additionally, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums which Plaintiffs have received or may receive hereafter by way of any and all settlements arising from Plaintiffs' claims and cause of action. As allowed by Rule 48 of the Texas Rules of Civil Procedure, Defendant alternatively asserts its rights to a proportionate reduction of any damages found against Defendant based upon the percentage of negligence attributable to any settling tortfeasor under Chapter 33 of the Civil Practice and Remedies Code.

### IV.

Pleading to the Court only, Defendant asserts that Plaintiffs' claims against Defendant are "health care liability claims" under the Health Care Liability Act, Tex. Civ. Prac. & Rem. Code §74.001 *et seq.* Tex. Civ. Prac. & Rem. Code Ann. §74.01(a)(13). Therefore, Plaintiffs' claims against this Defendant are subject to the substantive and procedural requirements and protections of the Health Care Liability Act, including, but not limited to the following:

a.     Limitations on non-economic and total damages, *id.* §§74.301, 74.303;

b.     Threshold expert report requirements and limitations on pre-report discovery, *id.* §74.351;

c.     Qualifications of expert witnesses designated to testify against health care provider, *id.* §§74.402, 74.403;

d.     Protections and limitations regarding payments for alleged future losses, *id.*

**V.**

Defendant contends that the application of the Doctrine of Joint and Several liability is unlawful and/or against public policy.  The Doctrine is outmoded and legally archaic.  Moreover, application of the doctrine of Joint and Several Liability to this case is unconstitutional in that it is a violation of Defendant's rights to due process and equal protection guaranteed by the United States Constitution.  Defendant further contends that application of the Doctrine of Joint and Several Liability constitutes an unjust fine or punishment and violates the excessive fines clause of the Federal Constitution.  Moreover, the application of this doctrine violates the equal protection and due process clauses of the Texas Constitution.

**VI.**

Defendant denies that it is liable to Plaintiffs for any amount of money whatsoever, and says that in any event, the damages which Plaintiffs could seek herein are limited by law pursuant to Tex. Civ. Prac. & Rem. Code §41.0105.  This law prohibits recovery of any medical care or health care expenses incurred to the amount actually paid or incurred by Plaintiffs.

**VII.**

For further answer, should same be necessary, Defendant asserts that pre-judgment interest shall not accrue until the earlier of 180 days after the date Defendant received a notice of this claim or the date suit was filed, and that same is calculated as simple interest compounded annually as provided in Chapter 304 of the Texas Finance Code as superseded by §311.031(c) of the Texas Government Code, whichever is less.

**VIII.**

If any alleged or potentially liable tortfeasor settles or has settled with Plaintiffs relative to any claims asserted in this action, Defendant expressly reserves the right to make a written election of credit for settlements as allowed under Chapter 33 of the Texas Civil Practice & Remedies Code.

**IX.**

Defendant specifically denies that at any time it had actual or subjective awareness of the risk of injury and death but yet nevertheless proceeded with conscious indifference to the rights, safety, or welfare of EMILIANO MENDEZ or others, with respect to any of the allegations referenced in Plaintiffs' Petition.  Defendant further specifically denies that any alleged negligent acts and/or omissions, when viewed objectively from the standpoint of Defendant at the time of its occurrence, created an extreme degree of risk, great bodily harm and/or death, considering the probability and magnitude of any potential harm to EMILIANO MENDEZ.

**X.**

For further answer, should same be necessary, this  Defendant further affirmatively pleads that the assessment and award of punitive and/or exemplary damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process.

**XI.**

For further answer, should same be necessary, this Defendant further affirmatively pleads that any claim for punitive or exemplary damages is limited pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code including, but not limited to, Sections 41.003, 41.004, 41.006, 41.007, 41.008, 41.009 and such other sections as are contained within said Chapter.

**XII.**

Pleading further, by way of affirmative defense, in the alternative and without waiving the foregoing, Defendant asserts that this claim, or portions of the claim, is barred by the statute of limitations.

**XIII.**

Defendant further pleads that the damages claimed by Plaintiffs were caused in whole and/or in part by person(s) over whom this Defendant had no control and/or person(s) who are

not the agents or servants of this Defendant and/or person(s) who are not the ostensible agents of this Defendant and/or person(s) against whom Plaintiffs have not brought a cause of action and/or person(s) who are not parties to this lawsuit.

## XIV.

Defendant alternatively asserts that the sole proximate cause of the damages asserted by the Plaintiffs herein were acts, circumstances, conditions, or conduct over which this Defendant had no control.

## XV.

For further answer, should same be necessary, this Defendant would affirmatively allege that the Plaintiff has failed to comply with the appropriate statutory notice prior to suit as required by §74.051 of the Texas Civil Practice and Remedies Code and is entitled to an abatement of the case of not less than 60 days from the date the notice of claim letter and medical authorization was provided to Defendant. Further, Defendant affirmatively asserts that Plaintiffs have failed to provide an appropriate Authorization Form for Release of Protected Health Information for Defendant, GONZABA MEDICAL GROUP, P.A., pursuant to Texas Civil Practice & Remedies Code section 74.052 and Defendant affirmatively asserts all rights, relief, and entitlements for Plaintiffs having failed to provide an appropriate authorization.

## XVI.

This Defendant also requests to take the oral video depositions of Plaintiffs once an adequate expert report and curriculum vitae of a qualified expert is served pursuant to §74.351 of the Texas Civil Practice & Remedies Code.  Defendant is putting Plaintiffs on notice that they intend to take the depositions of Plaintiffs prior to the time Defendant is presented for deposition.

## XVII.
## JURY DEMAND

Defendant hereby demands that all issues triable to a jury be so tried. The appropriate jury fee has been tendered.

**XVIII.**
**TRCP RULE 193.7 NOTICE**

Pursuant to the self-authenticating provisions of Rule 193.7, Tex. R. Civ. P., Defendant GONZABA MEDICAL GROUP, P.A., gives notice that all of the documents produced by all parties, in response to written discovery, attached to depositions as exhibits, or otherwise produced for inspection in this case will be used by this Defendant, in any pre-trial proceeding or at the trial of this case.

WHEREFORE, PREMISES CONSIDERED, Defendant, GONZABA MEDICAL GROUP, P.A., prays that upon final trial and hearing hereof, Plaintiffs take nothing by way of this lawsuit, that Defendant goes hence without day and recover costs on its behalf expended and, if applicable, that this Defendant receives contribution, credit or offset, and/or a proportionate reduction of damages as allowed under the Texas Civil Practice & Remedies Code, Chapters 32 *et. seq.* and 33 *et. seq.* and pertinent subsections of the Texas Civil Practice & Remedies Code, and any other and further relief, at law or in equity, to which this Defendant may show itself justly entitled.

Respectfully Submitted,

**BOONE, ROCHELEAU & RODRIGUEZ, P.L.L.C.**
17339 Redland Road, Ste. 100
San Antonio, TX  78247
Telephone:  (210) 761-2040
Telecopier:  (210) 761-2048

LISA A. ROCHELEAU
SBN:  00791546
T- (210) 761-2040 x- 206 (direct)
Email: lrocheleau@br-lawfirm.com

ALEXANDER RODRIGUEZ III
SBN:  24030001
T- (210) 761-2040 x- 205 (direct)
Email: arodriguez@br-lawfirm.com
**ATTORNEYS FOR DEFENDANT,**
**GONZABA MEDICAL**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of September, 2019 a true and correct copy of the

above and foregoing document was forwarded to counsel of record as follows:

**Via Email /E-Filing:**

Jon Powell
John "Mickey" Johnson
THE POWELL LAW FIRM
1148 E. Commerce St.
San Antonio, TX  78205
Email:  jon@jpowell-law.com
Email:  mickey@jpowell-law.com
*Attorneys for Plaintiffs*

Brant Mittler, M.D., J.D.
LAW OFFICE OF BRANT S. MITTLER
17503 La Cantera Pkwy., Ste. 104-610
San Antonio, TX  78257
Email:  bsm@mittlerlaw.com
*Attorneys for Plaintiffs*

_____
LISA A. ROCHELEAU

FILED
10/1/2019 5:08 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Sandy Denn-Saenz

Case 5:19-cv-01229-JKP    Document 1-2    Filed 10/16/19    Page 27 of 33    **Tab 7.**

# BOONE, ROCHELEAU & RODRIGUEZ
## Attorneys at Law

**17339 Redland Road, Ste. 100**
**San Antonio, Texas 78247**
**Telephone: (210) 761-2040 ext. 206**
**Facsimile: (210) 761-2048**

**Lisa A. Rocheleau**
lrocheleau@br-lawfirm.com
www.boonerocheleau.com
**Board Certified – Personal Injury Trial Law**

October 1, 2019

**Via E-Filing:**

Donna Kay McKinney
Bexar County District Clerk
Bexar County Courthouse
100 Dolorosa
San Antonio, TX 78205

RE:     Cause No. 2019CI18383*; Gloria Mendez, Individually and As the Surviving Spouse of and On Behalf of the Estate of Emiliano Mendez and Their Biological Children, Michael Mendez, Martin Mendez, Mark Mendez, Daniel Mendez, Marina Mendez and Natalie Perez v. Gonzaba Medical Group, P.A.; United Healthcare Insurance Company and United Healthcare Services, Inc.*; In the 407th Judicial District, Bexar County, Texas

Dear Ms. McKinney:

This letter is to formally advise you and all counsel of record in this cause that I will be on vacation the following dates:

> **October 17 & 21, 2019, and**
> **November 21, 22, 25 and 26, 2019**

By copy of this letter, I am notifying all counsel of record of my vacation schedule and requesting they refrain from noticing depositions, scheduling any trials or hearings during this time which would require my presence, a responsive pleading and/or my attendance in court. I also request the Court and Clerks' office take notice of this vacation period to avoid the scheduling of events which would require my presence.

Please file this vacation letter among the papers of this cause and call should you have any questions.

Thank you for your assistance in this matter.

Very truly yours,

*Lisa A. Rocheleau*

Lisa A. Rocheleau

LAR/nrt

**BOONE, ROCHELEAU & RODRIGUEZ, P.L.L.C.**

Bexar County District Clerk
October 1, 2019
Page 2

CC:     <u>**Via E-Filing:**</u>

Jon Powell
John "Mickey" Johnson
THE POWELL LAW FIRM
1148 E. Commerce St.
San Antonio, TX  78205
Email:  jon@jpowell-law.com
Email:  mickey@jpowell-law.com
*Attorneys for Plaintiffs*

Brant Mittler, M.D., J.D.
LAW OFFICE OF BRANT S. MITTLER
17503 La Cantera Pkwy., Ste. 104-610
San Antonio, TX  78257
Email:  bsm@mittlerlaw.com
*Attorneys for Plaintiffs*

Andrew G. Jubinsky
Amber D. Reece
FIGARI & DAVENPORT, LLP
901 Main St., Ste. 3400
Dallas, TX  75202-3776
Email:  andy.jubinsky@figdav.com
Email:  amber.reece@figdav.com
*Attorneys for Defendant United Healthcare Insurance Company and United Healthcare Services,
Inc.*

FILED
10/7/2019 9:10 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Cynthia Gonzales

Case 5:19-cv-01229-JKP     Document 1-2     Filed 10/16/19     Page 29 of 33     **Tab 8.**

CAUSE NO. 2019CI18383

| | | |
|---|---|---|
| GLORIA MENDEZ, Individually and as the surviving spouse of and on behalf of the ESTATE OF EMILIANO MENDEZ, and their biological children, MICHAEL MENDEZ, MARTIN MENDEZ, MARK MENDEZ, DANIEL MENDEZ, MARINA MENDEZ and NATALIE PEREZ, | § § § § § § § § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs*, | § § | |
| v. | § § | OF BEXAR COUNTY, TEXAS |
| GONZABA MEDICAL GROUP, P.A., UNITED HEALTHCARE INSURANCE COMPANY and UNITED HEALTHCARE SERVICES, INC., | § § § § § | |
| *Defendants*. | § § | 407TH JUDICIAL DISTRICT |

## DEFENDANTS' PLEA IN ABATEMENT AND ORIGINAL ANSWER SUBJECT THERETO

Defendants United HealthCare Services, Inc. and UnitedHealthcare Insurance Company (together, "United") file this original answer to Plaintiffs' Original Petition ("Petition") and states:

## PLEA IN ABATEMENT

1.     Plaintiffs did not give United proper notice of suit as required by Texas Civil Practice & Remedies Code § 74.051. As a result, the Court should abate Plaintiffs' suit until the defect is corrected.

---

2.      United asks the Court to set this plea for hearing at the earliest practical time, and, after hearing, grant United's plea in abatement, order Plaintiffs to cure their pleading defect, and if Plaintiffs do not, strike Plaintiffs' Petition.

## **GENERAL DENIAL**

Subject to such admissions and stipulations as may be made at the time of trial, United denies generally and specially the material allegations contained in the Petition and demands strict proof thereof in accordance with the requirements of the laws of this State.

## **OTHER DEFENSES**

1.      United is not liable to Plaintiffs, in whole or in part, because Plaintiffs' claims are barred by the two-year statute of limitations in the Texas Civil Practice & Remedies Code sections 16.003(a) and 74.251.

2.      United is not a healthcare provider as defined in Section 74.001(a)(12)(A) of the Texas Civil Practice and Remedies Code.

3.      United did not control, influence, or participate in any health-care treatment decisions for the decedent.

4.      United did not deny or delay any payment for treatment prescribed or recommended by a provider to the decedent.

5.      Decedent's healthcare providers are not employees, agents, ostensible agents, or representatives of United.

6.      Decedent was not covered under any United plan when the allegedly negligent acts occurred.

7.      Plaintiffs' claims are barred, in whole or in part, because the decedent's own acts or omissions caused or contributed to the decedent's injury.

8.      United is not liable to Plaintiffs for the amount of damages claimed because the decedent did not mitigate his damages.

9.      If United is found liable for damages, it intends to seek a reduction of damages under the proportionate responsibility statute.

10.     Plaintiffs' claims for exemplary or punitive damages are barred as they violate United's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, the Due Course of Law provisions of the Texas Constitution, and are limited by Chapter 41 of the Texas Civil Practice and Remedies Code.

## SPECIAL EXCEPTIONS

1.      United specially excepts to Plaintiffs' Petition because Plaintiffs' suit is precluded by law. Plaintiffs' claims against United under the Medical Liability Act (TEX. CIV. PRAC. & REM. CODE §§ 74.001, *et seq.*) are barred because United is not a healthcare provider as defined in the Act.

## REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, United requests that Plaintiffs disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

## OBJECTION TO ASSOCIATE JUDGE

United objects to the referral of this case to an associate judge for hearing a trial

on the merits or presiding at a jury trial.

## REQUEST FOR RELIEF

United requests the following relief:

a.    That Plaintiffs take nothing by reason of their suit;

b.    That United be dismissed with its costs; and

c.    That United have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: _/s/ Amber D. Reece_____
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    andy.jubinsky@figdav.com
    Amber D. Reece
    Texas Bar No. 24079892
    amber.reece@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
(214) 939-2000
(214) 939-2090 (fax)

**ATTORNEYS FOR DEFENDANTS UNITED HEALTHCARE INSURANCE COMPANY AND UNITED HEALTHCARE SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed electronically via the Court's e-filing system (efile.txcourts.gov) on October 7, 2019, and that all parties and attorneys deemed to accept electronic service will subsequently be notified via the Court's e-filing system.

*/s/ Amber D. Reece*
Amber D. Reece