IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GLORIA MENDEZ, INDIVIDUALLY AND AS THE SURVIVING SPOUSE OF AND ON BEHALF OF THE ESTATE OF EMILIANO MENDEZ; MICHAEL MENDEZ, MARTIN MENDEZ, MARK MENDEZ, DANIEL MENDEZ, MARINA MENDEZ, NATALIE PEREZ, §§§§§§§§§§ | |
| *Plaintiffs,* § § | |
| vs. § § | C.A. No. 5:19-cv-1229 |
| GONZABA MEDICAL GROUP, P.A., § § | |
| *Defendant.* § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Gloria Mendez, individually and as the surviving spouse of and on behalf of the estate of Emiliano Mendez, and their biological children Michael Mendez, Martin Mendez, Mark Mendez, Daniel Mendez, Marina Mendez and Natalie Perez ("Plaintiffs" or "the Mendez Family") complaining of and against Defendant Gonzaba Medical Group, P.A., ("Gonzaba" or "Defendant") and for causes of action would respectfully show the following:

**I.   DISCOVERY CONTROL PLAN**

1.   Plaintiffs intend that discovery be conducted under Level 3 of TEX. R. CIV. P. 190.

**II.   SUMMARY OF THE COMPLAINT**

2.   This is a missed cancer case. Plaintiffs are asserting health care liability, negligence, gross negligence, and wrongful death and survival causes of action against Gonzaba arising out of their failure to properly test for and diagnose colorectal cancer and failure to

provide the appropriate health care and treatment for colorectal cancer in the Plaintiff Emiliano Mendez which caused him to suffer an untimely and premature death from colorectal cancer on July 5, 2019.

3. Plaintiffs seek herein against Defendant, among other things, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past and future; loss of consortium damages; punitive damages; costs of court; pre-judgment interest; and post-judgment interest. Pursuant to TEX. R. CIV. P. 47, the maximum amount claimed herein by Plaintiffs against Defendant is over one-million dollars ($1,000,000.00).

### III. PARTIES

4. Plaintiffs are all residents of Atascosa or Bexar County, Texas.

5. Defendant Gonzaba Medical Group, P.A. ("Gonzaba") is a medical group doing business at, among other locations, Main Medical Center, 720 Pleasanton Road, San Antonio, TX 78214. Gonzaba has been served and filed an answer in this matter.

### IV. VENUE AND JURISDICTION

6. The subject matter in controversy is within the jurisdiction of this Honorable Court. The amount in controversy, exclusive of interest and attorney's fees, exceeds the minimum jurisdictional limits of this Court.

7. The Honorable Court has personal jurisdiction over the parties. The causes of action set forth herein arose out of events or omissions that took place in Bexar County, Texas.

8. Venue in Bexar County, Texas is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## V.   PRE-SUIT NOTICE OF CLAIM

9.   Defendant received proper pre-suit notice of the claims set forth herein as required in TEX. CIV. PRAC. & REM. CODE § 74.051 and other applicable laws.

## VI.   PROFESSIONAL RELATIONSHIPS

10.   Emiliano Mendez ("Mr. Mendez") has suffered from the injuries and damages set forth herein due to the negligent and/or grossly negligent conduct of the Defendant and due to the acts and/or omissions of Defendant and their employees, agents, ostensible agents, and representatives. Defendant made numerous misrepresentations to the Plaintiff Emiliano Mendez and his wife, including specifically that they were competent and able to provide healthcare, testing and diagnoses to Plaintiff Emiliano Mendez and Plaintiffs Emiliano and Gloria Mendez relied on these misrepresentations to her detriment.

11.   During the time period at issue, Gonzaba employed Physicians, Physician's Assistants and Nurse Practitioners duly licensed by the State of Texas to practice medicine and assist in the practice of medicine. They held themselves out and represented to the Plaintiffs Emiliano and Gloria Mendez and to the public in general that they were competent and qualified. Doctors, Physician's Assistants and Nurse Practitioners at Gonzaba had a physician-patient, physician's assistant-patient and nurse practitioner-patient relationship, respectively, with Plaintiff Emiliano Mendez.

12.   During the time period at issue, Gonzaba was a professional association/medical doctor practice group which held themselves out and represented to the Plaintiffs Emiliano and Gloria Mendez and to the public in general that they and their physicians and staff were competent and qualified to provide medical services. Gonzaba is directly liable for its own conduct and vicariously liable for the conduct of Doctors, Physician's Assistants and Nurse

Practitioners employed at Gonzaba, as well as all of Gonzaba's affiliates, nurses, employees, agents, ostensible agents, and representatives.

## VII.　　STATEMENT OF FACTS

13.　　This is a missed cancer case. On or about June 21, 2013, Emiliano Mendez had a colonoscopy performed by Hector Allende, M.D., pursuant to a referral by his doctor at Gonzaba Medical Group, Rayleen Villanueva-Rumpf, M.D. The colonoscopy revealed three polyps. With three polyps, the required time for a follow-up colonoscopy is three years, as noted in handwriting on the pathology report archived in the office records of Hector Allende, MD who performed the colonoscopy.

14.　　After June 21, 2013, and up until December 31, 2017, Emiliano Mendez had as his Primary Care Physicians the Gonzaba Medical Group.

15.　　Gonzaba and its Doctors, Physician's Assistants and Nurse Practitioners failed to place Mr. Mendez's colon problems on the working problem list and failed to provide the appropriate follow up for the multiple colon poly – which failures were a substantial contributing factor in the recurrence and progression of Stage IV colon cancer which led to Mr. Mendez's death.

16.　　Emiliano Mendez returned for visits at Gonzaba Medical Group approximately every three months during the period from June 21, 2013 to December 31, 2017 and yet he was never informed that he needed a follow-up colonoscopy as of June 21, 2016, and thereafter every day until this procedure was completed. Emilio Mendez and his wife reported to Gonzaba Medical Group stomach problems and constipation on October 31, 2017 and yet he was still not given a referral for a colonoscopy.

17.　　It was only on or about April 6, 2018, after a biopsy, that Emiliano Mendez, and

his wife, were first informed and discovered that he had colorectal cancer, which by then had proceeded to Stage IV. Gonzaba had a duty to inform Emilio Mendez that he needed a follow-up colonoscopy as of June 21, 2016, and at all dates after that until the procedure was performed. Had this cancer been timely detected in a follow-up colonoscopy it could have been treated successfully and Emilio Mendez would still be alive.

18. Defendant breached its duties of care by failing to secure a surveillance colonoscopy and other required follow up in a patient, Emiliano Mendez, of known high risk colon multiple polyps discovered on June 21, 2013. These breaches caused Emilio Mendez to suffer a premature and untimely death on July 5, 2019 and for his surviving spouse and biological children to incur loss of consortium, mental anguish, and other damages.

19. Plaintiffs sent out their pre-suit notice of the claims set forth herein as required in TEX. CIV. PRAC. & REM. CODE § 74.051 on August 29, 2019. Plaintiff therefore has preserved against any allegation of any two year statute of limitations found in Chapter 74 of the Texas Civil Practice and Remedies Code all claims for negligence and gross negligence during the period from August 29, 2017 through August 29, 2019.

20. Moreover, it was only possible for Plaintiffs to discover the nature and extent and consequences of the malpractice after Emiliano Mendez received his diagnosis of colorectal cancer on or about April 6, 2018. Plaintiff filed suit well within two years of this discovery. Thus, to the extent necessary, Plaintiff will be relying on the discovery rule and on Article I, §13 of the Texas Constitution, the "Open Courts Provision," to bar any application of the 2-year statute of limitations found in Chapter 74 of the Texas Civil Practice and Remedies Code to any acts of negligence or gross negligence that occurred prior to August 29, 2017.

21. This is also a wrongful death case. The wrongful death occurred on July 5, 2019. The wrongful death beneficiaries have filed within two years of the date of the wrongful death.

22. Finally, Defendant engaged in a course of fraudulent concealment of its acts or omissions that constituted negligence, gross negligence, malpractice, and on this basis the applicable statutes of limitations should be tolled and found to be not applicable to bar any of the claims of the Plaintiffs herein.

23. The acts and/or omissions set forth herein proximately caused Emiliano Mendez to incur, among other things, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past and to suffer a premature and untimely death due to colorectal cancer on July 5, 2019. The aforementioned damages are substantially in excess of the minimum jurisdictional limits for a district court in the State of Texas.

### VIII.    CAUSES OF ACTION I

### WRONGFUL DEATH AND SURVIVAL CAUSES OF ACTION

24. Plaintiffs reallege and incorporate all previous and subsequent paragraphs herein.

25. This action arises out of the facts and circumstances surrounding the negligent and grossly negligent treatment of Emiliano Mendez during the period of time that he was a patient of Defendant. The allegations of negligence and gross negligence are set forth above and below.  This suit is brought by authority of the Texas Wrongful Death Statute, Texas Civil Practice and Remedies Code, Chapter 71, Subchapter A, §§ 71.001-71.011, and the Texas Survival Statute, Chapter 71, Subchapter B, §§ 71.021 *et seq.* of the Texas Civil Practice and Remedies Code and/or Title 4, §§ 71 .021 *et seq.* of the Texas Revised Civil Statutes.

## IX.  CAUSES OF ACTION II

## NEGLIGENCE, PROFESSIONAL NEGLIGENCE,

## MEDICAL MALPRACTICE AND GROSS NEGLIGENCE

26. Plaintiffs reallege and incorporates by reference all previous and subsequent paragraphs herein.

27. The acts and/or omissions of Defendant constitute negligence, professional negligence, medical malpractice, and gross negligence as those terms are utilized in Chapter 74 of the Texas Civil Practice and remedies Code, and the common law of torts.

28. Gonzaba and its Doctors, Physician's Assistants and Nurse Practitioners failed to place Mr. Mendez's colon problems on the working problem list and failed to provide the appropriate follow up for the multiple colon polyps – which failures were a substantial contributing factor in the recurrence and progression of Stage IV colon cancer which led to Mr. Mendez's death.

29. Such negligence, professional negligence, medical malpractice and gross negligence was the proximate cause of the personal injuries and damages to the Plaintiff as set forth herein.

30. The acts and/or omissions of Defendant, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendant.

31. Plaintiffs seek against Defendant herein, as a result of the Defendant's negligence, professional negligence, medical malpractice and gross negligence, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and

disfigurement, all in the past; loss of consortium damages; punitive damages; costs of court; pre-judgment interest; and post-judgment interest.

## X.   DAMAGES TO THE ESTATE OF EMILIANO MENDEZ AND TO THE SURVIVING MENDEZ FAMILY

32. Plaintiffs would show that as a direct and proximate result of the negligence, professional negligence, medical malpractice, and/or gross negligence of Defendant as set forth herein, Plaintiff Emiliano Mendez has suffered injuries and incurred economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past; and a premature and untimely death. The surviving Mendez family members have all suffered loss of consortium and mental anguish damages due to the death of their husband or father Emiliano Mendez. As a result, Plaintiffs seek damages herein against Defendant that are substantially in excess of the minimum jurisdictional limits of this Honorable Court.

## XI.   DEMAND FOR JURY TRIAL AND PAYMENT OF JURY FEE

33. Plaintiffs hereby demand that this case be tried to a jury.

## XII.   PRAYER FOR RELIEF

34. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial hereof, Plaintiff will have judgment against Defendant on the causes of action and for the damages as set forth herein in an amount in excess of the minimum jurisdictional limits of the Honorable Court. Plaintiff prays for such other and further relief, at law and/or in equity, to which Plaintiffs show themselves to be justly entitled.

        Respectfully submitted,

        THE POWELL LAW FIRM

        By: /S/ John "Mickey" Johnson
            John "Mickey" Johnson
            Texas State Bar No. 24094002

        Jon Powell
        Texas State Bar No. 00797260
        1148 East Commerce Street
        San Antonio, Texas 78205
        Telephone: (210) 225-9300
        Fax: (210) 225-9301
        Email: mickey@jpowell-law.com
              jon@jpowell-law.com

        Brant Mittler, M.D., J.D.
        Law Office of Brant S. Mittler
        17503 La Cantera Pkwy, Ste. 104-610
        San Antonio, TX  78257
        Telephone: (210) 698-0061
        Facsimile: (210) 698-0064
        E-mail: bsm@mittlerlaw.com

        **Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 5(d), Federal Rules of Civil Procedure, on this 18th day of September 2020.

BOONE, ROCHELEAU & RODRIGUEZ, PLLC
LISA A. ROCHELEAU
SBN: 00791546
T- (210) 761-2040 x- 206 (direct)
Email: lrocheleau@br-lawfirm.com
ALEXANDER RODRIGUEZ III
SBN: 24030001
T- (210) 761-2040 x- 205 (direct)
Email: arodriguez@br-lawfirm.com
17339 Redland Road, Ste. 100
San Antonio, TX  78247
Telephone 210-761-2040
Facsimile 210-761-2048
**Counsel for Defendant Gonzaba Medical Group, P.A.**

                                            /S/ John "Mickey" Johnson
                                               John "Mickey" Johnson